**IN THE COURT OF APPEALS OF IOWA**

No. 16-1237
Filed November 9, 2016

**IN THE INTEREST OF C.B. and J.C.,**
**Minor children,**

**M.G., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Muscatine County, Nancy S. Tabor, Judge.

A mother appeals the termination of her parental rights to her children.
**AFFIRMED.**

Sara Strain Linder of Bray & Klockau, Iowa City, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Christine E. Boyer, Iowa City, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ. Tabor, J., takes no part.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to her children, born in 2011 and 2013. She contends (1) the record lacks clear and convincing evidence to support one of the grounds for termination cited by the district court, (2) the district court should have granted her additional time to work towards reunification, and (3) termination was not in the children's best interests.

*I.* The district court terminated the mother's parental rights on several grounds. *See* Iowa Code § 232.116(1)(f) (2015) (child four or older cannot be returned to parent's custody); (h) (child three or younger cannot be returned to parent's custody); (*l*) (parent has severe substance-related disorder and parent's prognosis indicates child cannot be returned to parent's custody within a reasonable period of time). The mother only challenges the evidence supporting subsection (*l*). Accordingly, she has waived error on the other grounds, which would allow us to affirm on those grounds. *See* Iowa R. App. P. 6.903(2)(g); *see also In re K.S.*, No. 10-1183, 2010 WL 3504038, at *5 (Iowa Ct. App. Sept. 9, 2010). However, we elect to proceed to the merits of the challenged provision.

The child-in-need-of-assistance proceeding underlying this termination action was the third involving these children. All three were based on the mother's substance abuse and the adverse effects on the children. At the time of the termination hearing, the mother was jailed on a complaint of a probation violation. The children had been out of her care for fourteen months.

A department of human services case manager who worked with the family over the course of all three proceedings testified the mother had "a severe and chronic addiction to methamphetamine, and . . . received almost three years'

worth of services . . . to try and treat her addiction," without success. She opined the children could not be returned to the mother's care within the next six months. A service provider who also spent extensive time with the family seconded this opinion, noting the mother's struggles "to participate in treatment" notwithstanding "many opportunities to plug herself into inpatient treatment" before her incarceration.

The mother acknowledged she would need time to become independent. She testified that she was looking into sixty or seventy-day halfway house programs depending on the outcome of the probation violation hearing. However, she had yet to investigate the programs and she was "pretty sure" she would have to wait for available space.

On our de novo review, we conclude the State proved by clear and convincing evidence that termination was warranted under Iowa Code section 232.116(1)(*l*).

*II.*     The court may grant a parent additional time to reunify. Iowa Code § 232.104(2)(b). Additional time was not warranted in this case. As the district court stated, "These children have been languishing in foster and other out of home placements for 14 months this most recent time and many months in prior cases. The mother has been given ample opportunities and time to remedy this situation and has chosen not to do so." We concur in this assessment.

*III.*     Termination must be in the children's best interests. *See In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016). In this case it was. The mother admitted she was incarcerated for almost eight of the fourteen months preceding the termination hearing. Although the children were slated to be moved to another foster home,

this disruption did not change the fact that the mother was in no position to assume their care.

We affirm the termination of the mother's parental rights to her children.

**AFFIRMED.**